No. 9566
Orleans

----

## NEW ORLEANS v. REATZ

----

(January 31, 1927. Opinion and Decree.)

----

(Syllabus by the Court)

1. **Louisiana Digest—Costs and Fees—Par. 31.**
   The civil sheriff is not entitled to a fee of 2½ per cent on the amount awarded

by a jury in an expropriation suit, which has been deposited with him pending decision on appeal, because the judgment based on such an award does not constitute "mesne" or final process.

Appeal from Civil District Court, Division "A". H. C. Cage, Judge.

Action by City of New Orleans against Frederick Reatz.

There was judgment for plaintiff and defendant appealed.

Judgment affirmed.

W. McL. Fayssoux, of New Orleans, attorney for plaintiff, appellee.

A. J. Peters, Jas. Wilkinson, of New Orleans, attorneys for defendant, appellant.

W. CATESBY JONES, J. In this matter an expropriation jury in the court below awarded the defendant $8180.00 with legal interest and all costs for the value of his property. From a judgment of the lower court based on this verdict, appeal was taken to Supreme Court.

Acting under Article 2634 of the Revised Civil Code, which so permits, plaintiff deposited with the civil sheriff the amount of the jury's award pending decision of Supreme Court on appeal and proceeded to demolish the buildings on the property.

When the defendant sought to withdraw the deposit from the civil sheriff this official claimed a fee of 2½ per cent of the amount and filed in rule in court below against plaintiff and defendant to show cause why he should not be paid out of the deposit, because the money on deposit had been paid to him under "proceeding herein".

To this rule defendant filed answer denying that the money was paid to sheriff

under any proceeding or process of court "mesne" or final, and averring that said money was paid under an express provision of law.

The judge below dismissed the rule as to both defendants and the civil sheriff has appealed.

The civil sheriff claims under Paragraph 20 of Section 23 of Act 136 of 1880, which reads as follows:

"Commissions on moneys realized under 'mesne' or final process the same rates as in case of sale."

And the preceding Paragraph 19 in regard to sale says:

"For commissions on sales of property made by the civil sheriff 2½ per cent shall be allowed."

Though in his brief appellant argues that the judgment of expropriation was a "final process", he refers us to no authority sustaining this contention and our research has proved equally futile.

Paragraph 1 of Section 23 of Act 136 of 1880 reads as follows:

"That the fees of the civil sheriff of the Parish of Orleans shall be as follows and no fee or charge shall be collected by him for any service not specially provided for in this section."

The Supreme Court in construing this section in Succession of Czarnowski, 151 La. 762, 92 South. 325, held that the civil sheriff was only entitled to 2½ per cent on the moneys actually collected by him, though he was charging $3345.00 for administering several properties which had been sequestered by the court.

In Conery vs. Waggaman, 1st McGloin 43, and Claverie vs. Waggaman, 1st McGloin 35, this court held that the term "mesne

process" referred to our conservatory writs of attachment, sequestration, etc.

In the course of his opinion Judge McGloin uses the following language:

"But Blackstone and Bouvier and Webster copying declare also 'mesne process' is also sometimes put in contradistinction to final process or 'process of execution' and there it signifies all such process as intervenes between the beginning and end of a suit."

Cyc. Vol. 32, page 420, says:

"Final process is usually used as equivalent to a process of execution as distinguished from 'mesne process' which must issue before final judgment."

For the reasons above set forth the judgment is affirmed.